Sedgwick, J.
From the facts agreed between the parties it appears, that the land demanded was the property of Edmund Bartlet on the 25th of September, 1802; unless *it [ * 224 ] had before that time been lost by an act of bankruptcy committed by him; and that on that day an execution, which issued *188 on a regular judgment, previously obtained by the present defendant against Bartlet, was duly levied upon it; and that the requirements of the law have been pursued in the return and registry of the execution; so that he has obtained a good title to the land, provided it belonged to Bartlet at the time of the levy. And it did belong to him, unless he had previously committed an act of bankruptcy, by which it was transferred to the demandant, as his assignee.
One day previous to the levy of the execution, on the 24th of September, 1802, a commission of bankruptcy was taken out against Bartlet. He was afterwards duly declared a bankrupt, and the demandant was appointed his assignee. If there was a good foundation for the issuing of the commission, in consequence of a previous act of bankruptcy, then, at the latest, on the 24th of September, and before the land was seized by virtue of the execution, Bartlet was divested of his property in it, and at the same instant, by relation, it became transferred to, and vested in the demandant. If, then, there be conclusive evidence that the commission was duly issued, it follows, of course, that the demandant must recover; and he insists that this Court is bound to consider the judgment of the District Court as such conclusive evidence.
The judgment of the District Court is founded on the 52d section of the statute, by which it is enacted, “ that it shall and may be lawful for any creditor of such bankrupt to attend all or any of the examinations of such bankrupt, and the allowance of the final certificate, if he shall think proper, and then and there to propose interrogatories, to be put by the judge or commissioners to the said bankrupt and others; and also to produce and examine witnesses and documents before such judge or commissioners, relative to the subject-matter before them. And in case either the [ * 225 ] bankrupt or creditor shall think him or herself * aggrieved by the determination of such judge or commissioners, relative to any material fact, in the commencement or progress of the said proceedings, or the allowance of the certificate aforesaid, it shall and may be lawful for either party to petition the said judge, setting forth such facts, and the determination thereon with the complaint of the party, and a prayer for trial by a jury to determine the same; and the said judge shall, in his discretion, make order thereon, and award a venire facias to the marshal of the district, returnable within fifteen days, before him, for the trial of the facts mentioned in the said petition, notice whereof shall be given to the commissioners and creditors concerned in the same ; at which time the said trial shall be had, unless, on good cause shown, the judge shall give further time ; and judgment being entered on the *189 verdict of the jury, shall be final on the said facts; and the judge or commissioners shall proceed agreeably thereto.”
After issuing the commission, it was the duty of the commissioners to meet and proceed in the discharge of their duty. The first question to be determined by them, and which lays the foundation of all their subsequent proceedings, or whether they shall proceed at all, is, whether the person, against whom the commission has issued, has committed an act of bankruptcy ? At these meetings every creditor has a right to attend, “ to propose interrogatories,” and to take a part in every question, in which he is interested. As to the first question to be decided, whether an act of bankruptcy has been committed, the creditors may have different opinions of their interest, and some be in favor of, and others opposed to an affirmative declaration being made by the commissioners; and if any shall think himself “ aggrieved ” by it, a right of appeal, by a petition to the judge, is allowed him, and he is entitled to a trial by jury, to ascertain whether the determination was justly made or not. On such a verdict, and in conformity to it, it is the duty of the judge to enter up judgment, which * judgment, the act declares, shall be final [ * 22& j oil the facts put in issue, and that the judge or commissioners shall proceed agreeably thereto.
In this case, the commissioners having declared that Bartlet had committed an act of bankruptcy, the Newburyport Marine Insurance Company, who, it is agreed, were his creditors, being dissatisfied with that determination, availed themselves of the provision of the statute above cited, by instituting an appeal to the District Court. The proper issue was formed and tried. The verdict of the jury was against the petitioners, and established the fact that Bartlet was a bankrupt at the time of issuing the commission ; and of course validating the declaration of the commis sioners in this regard. On this verdict a judgment has been rendered. At that trial, not only the company, who were plaintiffs, might avail themselves of all the facts in their power, to substantiate their allegations, but, it is presumable, might also receive every aid, which could be afforded by any other creditor. In such a case, the consequences, which the act declares, shall follow such a judgment, that it shall be final on the facts put in issue, and that “ the judge or commissioners shall proceed accordingly,” seem very reasonable.
By this final decision, it is then rendered certain, that as early at least as the 24th of September, one day previous to the time when the defendant’s execution was levied, Bartlet had become a bankrupt. And it may be justly observed, that if the judgment of *190 the District Court be final to any purpose whatever, so as to validate future proceedings under the commission; if to any purpose Bartlet had become a bankrupt, so as to authorize an assignment of his estate to the demandant, then upon the known contraction of the bankrupt laws, he was thereby stripped of all his property, and it became, at the same moment, by relation vested m the assignee. Whether the verdict of the jury in the District Court was founded upon the facts agreed upon in this [ * 227 ] case between the parties, or upon any other, * we do not think it important to decide or conjecture ; because we are perfectly satisfied that we cannot go behind the judgment of the Court founded upon that verdict.
And we do not think that the proceedings, provided for by the above-recited clause of the act, are confined to creditors, who, previous to preferring the petition, had come in and proved their debts under the commission; because the words any creditors include all creditors, as well those who have not, as those who have come in under the commission; and because creditors, before they come in under the commission, have as great an interest in many respects, and particularly in the question of the bankruptcy, as they who have come in. And besides, there seems to be but little propriety, even if it be competent for him to do it, for a creditor, who has come in under the commission, and made himself a party to the proceedings founded upon it, to deny afterwards that it properly issued.
The result of this opinion is, that the other facts, stated, and argued upon, are unimportant to a decision of this case ; we being all of opinion, that on the 25th of September, the day on which the execution was levied, the demanded premises were not the property of Bartlet, but had previously become the property of the demandant.
A contrary decision, we think, would be attended with the most pernicious consequences. While, on the one hand, it would be the duty of the assignee to dispose of the bankrupt’s effects, and to pay the proceeds of them in dividends to the creditors, who had come in under the commission ; the estate might be taken by other creditors, who had not come in, and the object of the commission be wholly defeated.
It is true that there are cases, not now necessary to be specified, jn which it is optional to certain descriptions of the creditors of a bankrupt, to prove their debts under a commission or not; and if they decline the bankruptcy, it is no bar to an action against the debtor. But, in all cases, where there is a valid as- [ * 228 ] signment by the commissioners, it * vests absolutely in *191 the assignee, at the moment of the bankruptcy, all the effects of the bankrupt, on which there was not a previous lien.
In the case of Bamford vs. Baron, cited at the bar, it was determined that parties, who were privies, and had assented to a fraudulent deed of assignment, could not set it up as an act of bankruptcy. But this will not apply to the case under consideration, were we now to determine on the validity of the facts agreed in this case as an act of bankruptcy; inasmuch as neither the assignee, the demandant, nor the petitioning creditor, were parties, or in any manner privy to what is relied upon as a concerted act of bankruptcy. But, as has been already said, we cannot go behind the judgment, to consider those facts. In that case, there was nothing to assimilate it to this. There was no judgment of court founded upon a statute, by which certain facts were finally ascertained, and which facts were to regulate the future proceedings. And in the case of Tappenden & Al., Assignees, vs. Burgess, where the only question was upon the validity of the act of bankruptcy, and the right of the plaintiffs to insist upon it, the deed, which was the act of bankruptcy, was concerted with some of the creditors, and amongst others, three of the assignees, they being four in number, and the fourth being the petitioning creditor. It was held that it was no objection to an action, brought by them as assignees, for the recovery of part of the bankrupt’s estate, that some of them had concurred in such fraudulent deed set up as an act of bankruptcy ; for such estoppel applies not to the assignees, who are mere trustees for the creditors at large; but only to a petitioning creditor, who originates the commission.
But it is not our intention, as we deem it unnecessary, to detei mine further than that the judgment of the district court decides conclusively, that previously to issuing the commission, on the 24th of September, Bartlet had committed an act of bankruptcy; that from that time, at the latest, by the assignment of the commissioners, the demandant * thereby became entitled [ * 229 J to the demanded premises ; and, consequently, that the levying of the execution, by the defendant, on the 25th of that month, was a wrongful dispossession of the demandant, which entitles him to recover in this action.

Defendant defaulted,.